IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Brady Bennett, | |
| Plaintiff, | Civil Action No. |
| v. | 1:21-cv-148 |
| J&C Energy Enterprises, LLC d/b/a Energy Solutions Direct, LLC, | <u>Jury Trial Demanded</u> |
| Defendant. | |

# COMPLAINT

**Brady Bennett** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **J&C Energy Enterprises d/b/a Energy Solutions Direct, LLC** (Defendant):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.* and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.  Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Cedar Park, Texas 78613.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 6076 Park Boulevard N, Pinellas Park, Florida 33781.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number ending in 5325.

12. Plaintiff has only used this phone number as a cellular telephone.

13. Defendant called Plaintiff on his cellular telephone number for solicitation purposes.

14. Defendant was calling Plaintiff to sell him solar panels.

15. Plaintiff was not interested in purchasing solar panels, did not request information from Defendant, and did not consent to these calls.

16. Defendant's calls were not made for "emergency purposes."

17. Plaintiff has been on the Do Not Call Registry since November 8, 2008.

18. Defendant placed these calls using an automatic telephone dialing system.

19. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with a noticeable "bloop" sound before Plaintiff was transferred to a live a caller.

20. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

21. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 8, 2008.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 8, 2008.

35. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 of**
**THE TEXAS BUSINESS & COMMERCIAL CODE**

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. Plaintiff received all calls from Defendant in Texas and is entitled to other relief under Texas law.

41. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

42. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

43. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Brady Bennett,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Brady Bennett**, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

                                                Respectfully submitted,

Dated: 02/12/2021                 By: /s/ Amy L. Bennecoff Ginsburg
                                                   Amy L. Bennecoff Ginsburg, Esq.
                                                   Kimmel & Silverman, P.C.
                                                 30 East Butler Pike
                                                 Ambler, PA 19002
                                                 Phone: (215) 540-8888
                                                 Facsimile: (877) 788-2864
                                                 Email: teamkimmel@creditlaw.com